"O"

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JUL 3 0 2009

CENTRAL DISTRICT OF CALIFORNIA
BY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEMA S. LIAGA,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. EDCV 08-0610 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint herein on May 6, 2008, seeking review of the Commissioner's denial of her application for disability insurance benefits. In accordance with the then-assigned Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation on January 13, 2009. The case was transferred to this Court's calendar on July 14, 2009, and the parties thereafter consented to this Court's jurisdiction. On July 28, 2008, the parties filed an Amended Joint Stipulation ("AJS). Thus, this matter now is ready for decision.[1]

---

[1] As the parties were advised in the Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record (continued...)

1

## DISPUTED ISSUES

As reflected in the Amended Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered all of the available medical evidence.

2. Whether the ALJ properly considered plaintiff's subjective complaints and properly assessed plaintiff's credibility.

## DISCUSSION

The fallacy of plaintiff's position with respect to Disputed Issue No. 1 is that the Court lacks jurisdiction to reverse the Commissioner's decision based on evidence that is not part of the administrative record. See 42 U.S.C. § 405(g) ("The court shall have the power to enter, *upon the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); see also, e.g., Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir. 1997) ("Section 405(g) generally precludes consideration on review of evidence outside the record before the Commissioner during the administrative proceedings."). Section 405(g) does confer on the Court jurisdiction to remand the case to the Commissioner for the consideration of new evidence, but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." See 42 U.S.C. § 405(g) (Sentence Six); Allen v. Secretary of Health & Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984); see also, e.g., Loegel v. Bowen, 1987 WL 123918, *2 (S.D. Cal. Jan. 26, 1987) ("Courts may consider

---

[1](...continued)
("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

additional evidence outside the record only for the purpose of remand and only if the evidence is "material" and there is "good cause" for the failure to incorporate such evidence into the record in a prior proceeding."). To be material, the new evidence must bear directly and substantially on the matter in issue, and there must be a real possibility that the new evidence would have changed the outcome if it had been before the Commissioner. See Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986); Booz v. Secretary of Health & Human Servs., 734 F.2d 1378, 1380-81 (9th Cir. 1984). The good cause requirement is satisfied if new information surfaces after the Commissioner's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding. See Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985). Here, it is unnecessary for the Court to address the materiality of the two exhibits outside the record being proffered by plaintiff because plaintiff has not even purported to make the requisite showing of good cause. See Key, 754 F.2d at 1551 (noting, where plaintiff had proffered a new medical report without offering any reason why he had not solicited this evidence earlier: "The obvious explanation is that when Key failed to succeed on his disability claim . . . he sought out a new expert witness who might better support his position. The 'good cause' requirement would 'be meaningless if such circumstances were sufficient to allow introduction of new evidence.'"); see also Mayes v. Massanari, 276 F.3d 453, 463 (9th Cir. 2001) ("A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim is denied."); Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir. 1990) (same).

While the Court therefore is compelled to reject plaintiff's position with respect to Disputed Issue No. 1, the Court concurs with plaintiff that the ALJ failed to make a proper adverse credibility determination. Under Ninth Circuit jurisprudence, it was incumbent on the ALJ to specify which statements by plaintiff concerning her pain symptoms and functional limitations were not credible and/or in what respect(s) plaintiff's statements were not credible. See Smolen v. Chater, 80 F.3d 1273, 1284

(9th Cir. 1996); see also Social Security Ruling ("SSR") 96-7p (requiring that the ALJ's decision "contain specific reasons for the finding on credibility, supported by the evidence in the case record," and that the decision "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight"). Here, the ALJ inexplicably failed to address plaintiff's administrative hearing testimony to the effect that, after exerting herself either walking or sitting, she frequently has to lie down to take the pressure off her back, that she takes four naps a day, and that she cannot go a day without taking naps. (See AR 18). The materiality of that testimony to the ALJ's ultimate finding that plaintiff was not disabled cannot be disputed since the vocational expert acknowledged that, if an individual needed to lie down at least once during the work day for a half hour other than the lunch hour, the individual could not sustain competitive employment. (See AR 29). In the absence of any finding by the ALJ directed to plaintiff's testimony regarding her need to lie down and take naps, the Court simply has no basis for concluding that the ALJ did not arbitrarily discredit that testimony.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily

delay the receipt of benefits, <u>Bilby v. Schweiker</u>, 762 F.2d 716, 719 (9th Cir. 1985).

Here, plaintiff is not seeking a remand for the payment of benefits. Rather, the relief sought by plaintiff is that "this matter be remanded for further proceedings consistent with those issues discussed herein." (<u>See</u> AJS at 13).[2]

//
//
//
//
//
//
//
//

---

[2] The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004) ; <u>see</u> <u>also</u>, e.g., <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.), <u>cert.</u> <u>denied</u>, 531 U.S. 1038 (2000); <u>Smolen</u>, 80 F.3d at 1292; <u>Varney v. Secretary of Health & Human Servs.</u>, 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. However, there also is Ninth Circuit authority for the proposition that the "crediting as true" doctrine is not mandatory in the Ninth Circuit. In <u>Connett v. Barnhart</u>, 340 F.3d 871, 876 (9th Cir. 2003), the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. Here, plaintiff did not argue in the Joint Stipulation that the Court should invoke the "crediting as true" rule, and the Court declines to invoke it <u>sua</u> <u>sponte</u>.

5

1 | Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS
2 | ORDERED that Judgment be entered reversing the decision of the Commissioner of
3 | Social Security and remanding this matter for further administrative proceedings.[3]

DATED: July 30, 2009

*/s/ Robert N. Block*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court is not foreclosing the possibility of the ALJ making an adverse credibility determination on remand, based on the substantial evidence of record and application of the proper legal standards. Nor is the Court otherwise limiting the scope of the remand.